UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NATIONAL SATELLITE SPORTS, INC.,  )
)
    **Plaintiff,**  )
)
v.  )    Civ. No. 02-2093 (RJL)
)
DENO ENTERPRISES, INC., *et al.*,  )
)
    **Defendants.**  )

**MEMORANDUM OPINION AND ORDER**
(June 28, 2006) [# 12, 14, 15, 16, 19, 25, 26, 29]

Plaintiff, National Satellite Sports, Inc., brought this action against Defendants, Deno Enterprises, Inc. (trading as Denos and also known as Denos Club), Daniel W. Clayton, James A. Clayton, and Lekisha P. Clayton, for a violation of Title 47 United States Code Section 605. Plaintiff alleges that the Defendants intercepted or assisted in the interception of the transmission of a professional boxing match to which Plaintiff had entered into a closed-circuit television licensing agreement in the District of Columbia. Presently before the Court are Plaintiff's Motion to Compel, Plaintiff's Motion for Leave to File Supplemental Motion to Compel, Plaintiff's Motion for Summary Judgment, Plaintiff's Motion for Default Judgment, or Alternative Relief, Defendant's Motion to Dismiss, Plaintiff's Motion to Stay Proceedings Pending Resolution of Plaintiff's Motion for a Default Judgment, Plaintiff's Motion to Strike Defendant's Motion to Dismiss, and Plaintiff's Motion to Strike Defendants' Opposition to Plaintiff's Motion for a Default Judgment, or Alternative Relief. The number of pending motions is a direct result of Defendants having failed to



abide by the Minute Scheduling Order issued by this Court on August 17, 2005, having failed to participate in discovery in this action during the discovery period established by the August 17, 2005 Minute Order, and having failed to timely respond to Plaintiff's Motion for Summary Judgment. Therefore, this Court treats Plaintiff's Motion for Summary Judgment as conceded. *See* LCvR 7(b). For the following reasons, this Court GRANTS Plaintiff's [15] Motion for Summary Judgment.

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the court may treat the motion as conceded. LCvR. 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's...motion, the court treats the motion as conceded and grants the motion." *Id.* (citations omitted). Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary; it should be noted that "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

Defendants failed to respond to several discovery requests by Plaintiff throughout the discovery period established by this Court via Minute Order on August 17, 2005. At no time

did Defendants move for an enlargement of time to complete discovery, or for an extension of any discovery deadline. Defendants are represented by Harmon, Wilmot & Brown, LLP, and counsel of record is David Wilmot. No other attorney for Defendants has officially entered an appearance with the Clerk of the Court, except for the appearance of Andrea Bagwell, an attorney at Harmon, Wilmot & Brown, LLP, as counsel for the Defendants at a status hearing before this Court on January 30, 2006. At the January 30, 2006 status hearing, which was held to determine the reasoning behind Defendants lack of participation in discovery and failure to respond to Plaintiff's Motion for Summary Judgment, Ms. Bagwell stated that she had been unable to participate in discovery on the Defendants behalf and unable to respond to Plaintiff's motions due to illness. No reason was given as to why no other attorney at Harmon, Wilmot & Brown, LLP, or Mr. Wimot, performed the duties owed to Defendants during Ms. Bagwell's illness. As a result, this Court ordered defense counsel to show cause why Plaintiff should not be granted default judgment, which was to include an explanation as to why no member of Harmon, Wilmot & Brown, LLP filled in for Ms. Bagwell during her illness, and ordered Defendants to file all due pleadings by February 8, 2006. The Court also ordered Plaintiff to submit a pleading stating why Plaintiff should be granted default judgment. Defendants submitted their response to the Court's order to show cause on February 8, 2006, close to midnight, and submitted all other pleadings, including their response to plaintiff's motion for summary judgment, shortly

thereafter on February 9, 2006.[1] In the response to the Court's order to show cause, Ms. Bagwell attributed the missed filing deadlines to "being woefully overwhelmed with an unusually heavy caseload, severely understaffed, and plagued with a prolonged and debilitating medical condition." (Defendant's Response to Order to Show Cause Why Judgment Should Not be Entered Against Defendant's [sic] ("Defs.' Resp.") 6.) Ms. Bagwell also stated that "[c]ounsel for Defendants is an independent contractor with the firm of Harmon, Wilmot & Brown, LLP and as such pays for leased office space, supplies, equipment, and staff." (Defs.' Resp. 7.) The response did not provide a reason why another attorney at Harmon, Wilmot & Brown, LLP, or more specifically David Wilmot, attorney of record for Defendants, did not fill in for Ms. Bagwell as counsel for Defendants during her illness or while she was so overwhelmingly busy.

In light of the circumstances surrounding the failure of the Defendants to file an opposition to Plaintiff's Motion for Summary Judgment and the incomplete response to this Court's Order to Show Cause, this Court will treat Plaintiff's Motion for Summary Judgment as conceded. LCvR 7(b). Therefore, in light of the Defendants' concession and based on a review of the pleadings, the relevant law cited therein, and the record, including Plaintiff's supporting affidavits and exhibit, the Court finds in favor of Plaintiff and GRANTS [15] Plaintiff's Motion for Summary Judgment. An appropriate Order will issue with this Memorandum Opinion.

---

[1] Along with defendant's response to plaintiff's motion for summary judgment, defendant filed a Motion to Dismiss, an Answer to Interrogatories, a Request for Production of Documents, and a Request for Admissions all shortly after midnight on February 9, 2006.

## ORDER

For the reasons set forth above, it is this 28th day of June, 2006 hereby

**ORDERED** that Plaintiff's [15] Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED** that Plaintiff's [12] Motion to Compel, [14] Plaintiff's Motion for Leave to File Supplemental Motion to Compel, Plaintiff's [16] Motion for Default Judgment, or Alternative Relief, Defendants' [19] Motion to Dismiss, [26] Plaintiff's Motion to Stay Proceedings Pending Resolution of Plaintiff's Motion for a Default Judgment, Plaintiff's [25] Motion to Strike Defendants' Motion to Dismiss, and Plaintiff's [29] Motion to Strike Defendants' Opposition to Plaintiff's Motion for a Default Judgment, or Alternative Relief are all **DENIED AS MOOT**; and it is further

**ORDERED** that a hearing will be held on the 20th day of Sept, 2006, to 1030 AM establish damages and attorney's fees owed to Plaintiffs.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge